## LAKE *a.* ARTISANS' BANK.

*Supreme Court, First District; General Term, March,* 1864.

BILLS AND NOTES.—FAILURE TO CHARGE INDORSER.—TRIAL.—EXCEPTIONS HEARD AT GENERAL TERM IN THE FIRST INSTANCE.

A bank having discounted a note for a dealer, is not liable for failing to charge a prior indorser, on the dishonor of the note.

It is regular to direct that an exception to an order dismissing the complaint, granted on the trial at the close of plaintiff's evidence, be heard at the general term in the first instance.

Exception to dismissal of complaint heard at the general term in the first instance.

This action was brought by Jarvis N. Lake against The Artisans' Bank, to recover the sum of $1,058.33, being a portion of the balance of about $1,800, standing to the credit of the plaintiff, on the 27th day of July, 1857, on the books of the defendant. That portion of the balance was the proceeds of a note, which the defendant discounted for the plaintiff on the 6th day of May previous, and passed the amount to the plaintiff's credit.

It was alleged in the complaint that the defendant wholly

neglected to charge any of the indorsers, and on the 27th of July, before mentioned, debited the amount of the note to the plaintiff on its books, and then, for the first time, seventeen days after the legal protest day, informed the plaintiff that the note had been protested in Boston.

It appeared at the trial that defendant was duly incorporated.

That on the 10th of July, 1857, when the note matured, and before and after, plaintiff was a customer of the bank.

That on the 6th of May, 1857, the defendant discounted the note, and passed the amount of the proceeds to the plaintiff's credit in the bank.

That the maker and prior indorser then, and at the maturity of the note, resided in Boston.

That the bank was informed of the residence and responsibility of the maker and indorsers when it discounted the note.

That the note matured on the 10th of July, 1857.

That the bank sent the note to Boston for presentment, demand, and notice, &c. That the notary on that day demanded payment of the note at the bank, and payment was refused.

That the indorsers were not served, by the notary, with notice of presentment, demand, and non-payment. Stetson, the maker, and Bates, the first indorser, resided in Boston.

That the note, with the notices of protest, &c., was returned to the cashier, Leake, at New York, by mail on the same day on which payment was demanded, and that the bank omitted to give the plaintiff, as indorser, any notice of its non-paymennt until July 27.

That at the time when the note matured the plaintiff was in Illinois, but returned on the 23d of July, and was in the bank, on business, on that and the next day.

That the plaintiff's office was in the same building with the bank, and his residence in Brooklyn.

That the plaintiff, when informed by the cashier, on the 27th of July, that the bank had charged the amount of the note over to the plaintiff, and when he subsequently drew his check at the request of the cashier, had no knowledge whatever that the note had not been protested. On the contrary, the cashier, in that conversation, informed him that the Boston note had been returned protested.

The bank charged to the plaintiff the expenses of protest.

The plaintiff was nonsuited, but it was directed that his exception be heard at the general term in the first instance.

*Capron & Lake*, for the plaintiff.—I. The note was not legally protested, and the plaintiff was not, nor were any of the indorsers, legally notified of protest at any time.

II. The bank, being the owner of the note, its omission to regularly protest it, or in any manner notify the plaintiff of protest for seventeen days after the note matured, discharged him from all liability as indorser; and having, for that reason, no legal claim against him thereon, the bank had no right to apply his money then standing to his credit on its books to pay that note. (Commercial Bank of Albany *a.* Hughes, 17 *Wend.*, 94; *Story on Bills*, § 294; *Bayley on Bills*, ch. 7, § 2; Beale *a.* Parish, 24 *Barb.*, 243.) The following are some of the authorities which discuss the subject of diligence in such cases, and the delay of the bank in the case at bar will be found not to be justified by any of them, but the contrary. (Howard *a.* Ives, 1 *Hill*, 263; Bruce *a.* Lytle, 13 *Barb.*, 163; Beale *a.* Parish, 24 *Ib.*, 243; Safford *a.* Wyckoff, 1 *Hill*, 11.)

III. The mere insolvency of the maker is not a sufficient excuse to the holder for his omission to charge the indorser; on the contrary, that fact imposes the obligation of greater diligence on the holder to give notice to the indorser, so that the latter may adopt prompt means to obtain security against his own liability. (Mechanics' Bank *a.* Griswold, 7 *Wend.*, 165, 169; Bruce *a.* Lytle, 13 *Barb.*, 163; *Chitty on Bills*, 449; *Story on Bills*, §§ 326–346; Otsego County Bank *a.* Warren, 18 *Barb.*, 290.) When notice of protest is not given, damage is presumed, until all possibility of injury from the laches is removed by proof on the part of the holder; and no such proof was offered in this case. (Commercial Bank of Albany *a.* Hughes, 17 *Wend.*, 94.)

IV. The transaction which occurred between the plaintiff and the cashier of the bank, on the 27th of July, cannot prejudice the former in this action; the note had been charged to him by the bank, without his knowledge or consent: what he did subsequently, was done under the belief, on his part, that all the indorsers had been charged; and indeed he was expressly authorized to so believe, at that interview, by the cashier.

Lake *a.* Artisans' Bank.

V. Conceding, for the purposes of this argument, that ordinarily the purchaser or holder of a note is not legally bound to notify prior indorsers for the benefit of subsequent parties,—it does not follow that a bank, which discounts a note for a customer in the usual course of its business, is absolved from responsibility for the same omission.

The bank is not only a purchaser, but from the very nature of the relations created between itself and the customer who has indorsed the note, it is necessarily the agent of the latter for the purpose of charging prior indorsers. A note, discounted by a bank for a customer by passing the proceeds to his credit, with his indorsement, is as really, by the understanding of both parties and the practice of the bank, deposited with the bank for collection, as if it had not been indorsed by the depositor. The bank holds the relation of agency or trust to the depositor in both cases, and receives from him more benefit from the discount than from a deposit for mere collection. (Smedes *a.* Bank of Utica, 20 *Johns.*, 372; Allen *a.* Merchants' Bank, 22 *Wend.*, 215.)

*Augustus Prentice*, for the defendant.—I. The defendant was owner of the note in question at the time of its maturity.

II. The plaintiff indorsed the note at the time of the discount and transfer of the same to the defendant. The only way the plaintiff was interested in the note after the bank had discounted the same, was as indorser. His rights were those of an indorser, and those only.

III. It is not alleged in the complaint, nor was it claimed on the trial, that this indorsement of the plaintiff was in any manner a qualified indorsement.

IV. The above facts being established by the pleadings, was the plaintiff duly charged as indorser of said note? In the complaint it is expressly alleged, "that when the said promissory note fell due, according to its tenor and effect, the same was duly presented for payment at the Suffolk Bank in Boston, and payment demanded, but the same was not paid." The due presentment and demand of payment being established, but one point more remains, to fix the plaintiff's liability as indorser; and that is, to give him notice of those facts. It is submitted, that he had a sufficient notice. It was given at the earliest

moment, the plaintiff being out of the State when the note fell due.

V. It is immaterial whether the plaintiff was notified as indorser or not. He took the note from the defendant, and also the notices of protest, and gave the defendant a check for the amount of the note and the protest. This was a waiver of notice, whether one had been received or not. This check was charged to the plaintiff's account. What was it given for, but as an order to the defendant to charge that amount to the plaintiff's account?

The plaintiff himself states that the cashier said he wanted the check as authority to charge the plaintiff's account, so as to keep the books straight. (Tebbetts *a.* Dowd, 23 *Wend.*, 379; *Edward on Bills*, 651, 652.)

VI. The only remaining point in this case is, whether the Artisans' Bank, being the owner and holder of this note, was bound to notify Bates; or in default thereof, that this plaintiff, being a subsequent indorser, would be released. It is submitted that the Artisans' Bank, being the owner and holder of the promissory note, were at liberty to charge any one or all the indorsers, as it should elect: that the second indorser is not released because the holder did not notify the first indorser so as to charge him. (Spencer *a.* Ballou, 18 *N. Y.*, 327; Baker *a.* Morris, 25 *Barb.*, 138; *Edward on Bills*, 473, 474; *Chitty on Bills*, 528–530.)

LEONARD, J.—This action cannot be maintained. The case of Spencer *a.* Ballou (18 *N. Y.*, 327, 333), is conclusive against the plaintiff on the question of protest.

The defendant was under no obligation to notify Bates, the second indorser, because the bank was then the owner of the note.

The plaintiff knew that he had not been charged as the third indorser, except by the notice handed to him on the 27th of July, and he then voluntarily gave his check for the amount. That was a voluntary payment, and was a waiver of any objection that he had not personally been charged as an indorser by notice of demand from the maker, and non-payment.

His want of knowledge that Bates, his prior indorser, had not been notified so as to charge him as an indorser, was of no consequence. If the plaintiff had known that fact fully, it

would have constituted no defence in an action by the bank against him as an indorser, within the principle decided by the Court of Appeals, in the case referred to, *supra.*

The defendant is entitled to judgment, with costs.

SUTHERLAND, J.—This case comes irregularly before the general term, and in such a form, that I do not think we can pronounce any valid judgment.

The action was tried before a jury. At the close of the plaintiff's evidence the defendant moved that the complaint be dismissed. This motion was granted; and the plaintiff excepted; and this is the only exception in the case. The justice then directed, that the case to be made be first heard at the general term.

It is plain that this was irregular. The exceptions, which, by § 265 of the Code, the judge trying the cause may direct to be heard in the first instance at general term, are exceptions taken during the trial, and not exceptions to the final judgment, or decision in the action.

The general term of this district have recently decided this very point. See Hoagland a. Miller, 16 *Abbotts' Pr.*, 103.

There must be a new trial, with costs to abide the event of the action.

LEONARD, J., dissented from this opinion of SUTHERLAND, J.

BARNARD, J., concurred in the opinion of LEONARD, J.

Judgment for defendant.